**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

UNITE HERE RETIREMENT FUND          :
                                    :
           and                      :           **COMPLAINT**
                                    :
TRUSTEES OF THE UNITE HERE          :
RETIREMENT FUND,                    :
333 Westchester Ave., North Building :          NO.
White Plains, New York 10604,       :
                                    :
           *Plaintiffs*,             :
    v.                              :
                                    :
SSP AMERICA, INC.                   :
d/b/a MIDWAY INTERNATIONAL AIRPORT  :
20408 Bashan Dr., Suite 300         :
Ashburn, VA 20147,                  :
                                    :
           *Defendant*.              :
_____:

**Introduction**

1.  This is an action to collect delinquent contributions owed to the UNITE HERE Retirement Fund ("Pension Fund"), as well as interest, liquidated damages, and attorneys' fees and costs. The action is brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq., as amended ("ERISA").

**Jurisdiction and Venue**

2.  The Court has subject-matter jurisdiction of this action pursuant to 29 U.S.C. § 1132(a)(3) and (e)(1) because the Trustees of the Pension Fund, who are fiduciaries under ERISA, seek

to enforce provisions of Title I of ERISA that require employers to make contributions to a multiemployer pension plan according to the terms of the plan, 29 U.S.C. § 1145.

3. This Court has venue over this action pursuant to 29 U.S.C. § 1132(e)(2) because this is the district in which the plaintiff Pension Fund is administered.

**Parties**

4. Plaintiff Pension Fund is a trust fund established and maintained pursuant to 29 U.S.C. § 186(c)(5). Plaintiff Pension Fund maintains two employee benefit plans within the meaning of ERISA, 29 U.S.C. § 1002(2) and (3), which are maintained for the purpose of providing retirement benefits to eligible employees of participating employers. Those employee benefit plans, known as the Legacy Plan and the Adjustable Plan, are also multiemployer pension plans within the meaning of 29 U.S.C. § 1002(37).

5. Plaintiff Trustees of the Pension Fund ("Trustees") are fiduciaries within the meaning of ERISA, 29 U.S.C. § 1002(21)(A).

6. All plaintiffs maintain their principal place of business at 333 Westchester Avenue, White Plains, New York. Plaintiff Pension Fund is administered at that location, within the Southern District of New York.

7. Plaintiffs bring this action on behalf of themselves and on behalf of the Pension Fund's participants and beneficiaries pursuant to 29 U.S.C. §§ 1132(a)(3) and 1145.

8. Defendant SSP America, Inc. d/b/a/ Midway International Airport ("Employer") is an employer in an industry affecting commerce within the meaning of ERISA, 29 U.S.C. § 1002(5), (11) and (12) and § 1003(a)(1).

9. The principal business location of Defendant Employer is in Ashburn, VA.

**Background**

10. The Employer is a party to a collective bargaining agreement ("CBA") with UNITE HERE Local 1 Midway International Airport, which obligated it to make certain contributions on behalf of the employees covered by the Agreement to the Plaintiff Pension Fund at a specified contribution rate based on the compensated hours of each such employee during each contribution month. A copy of the CBA, effective September 15, 2018 through July 31, 2021 is attached hereto as Exhibit A. See Exhibit A, at Article 19 (pp. 36-38)

11. The CBA automatically renews from year to year unless either party provides written notice under the terms set forth in the CBA. Exhibit A, at Article 28 (pp. 54-55).

12. The Employer has not opted out of the CBA and the parties are currently negotiating the next agreement.

13. By agreeing to contribute to the Pension Fund, the Employer agreed to abide by the rules that govern the Pension Fund. See Exhibit A, at Article 19, Section 1 (p. 36).

14. The Trustees of the Pension Fund have promulgated a Policy for the Collection of Delinquent Contributions ("Collections Policy"). A copy of the Collections Policy is attached as Exhibit B.

15. The Collections Policy requires contributing employers, including the Defendant Employer, to submit remittance reports along with their monthly contributions to document the amounts due on behalf of each covered employee. Exhibit B, at §I.

16. Reports and contributions are due on the fifteenth day of the month following the reported-upon month. Exhibit B, at §I.

17. Contributions that are not received by that deadline are charged simple interest at a rate of one percent (1%) per month or any portion of a month that the contribution is delinquent, and liquidated damages equal to the greater of twenty percent (20%) of the principal or the amount of the interest. Exhibit B, at §V. Such interest and liquidated damages charges are authorized by ERISA, 29 U.S.C. §1132(g)(2)(B)-(C).

## COUNT ONE
### Delinquency Revealed by Payroll Audit

18. The above paragraphs are incorporated herein by reference as though duly set forth at length.

19. The Collections Policy also requires periodic audits of contributing employers, including the Defendant Employer, to assure that each such employer reported and paid the correct contributions each month. See Exhibit B at II.

20. Pursuant to that policy, the Pension Fund conducted a payroll audit of the Employer for the period between January 1, 2020 and December 31, 2021 which revealed that the Employer underpaid its contributions to the Pension Fund by a total of $2,207.68 in principal.

21. As part of this audit, the UNITE HERE Health Fund ("Health Fund") also reviewed the relevant Employer documentation to assess any monies due.

22. The Pension Fund and Health Fund (collectively, "Funds") sent a copy of the audit to the Employer on January 6, 2023. See Exhibit C, correspondence of February 27, 2023.

23. On February 27, 2023, the Employer's principal, Yadi Virk, spoke to the Funds and indicated that there were no disputes with the preliminary billing letter. Exhibit C.

24. On February 27, 2023 the Funds issued correspondence including the final billing letter to the Employer.

25. Defendant Employer failed and refused to respond to the February 27, 2023 letter.

26. On August 8, 2023, the Pension Fund, through in-house counsel, sent a second demand for payment of the Pension Fund's portion of the delinquency revealed by the audit, plus interest and liquidated damages. A copy of the August 8, 2023 letter is attached hereto as Exhibit D.

27. The Employer failed and refused to respond to the August 8, 2023 letter.

28. Defendant Employer's failure to pay the delinquent amounts violates 29 U.S.C. §1145, as well as 29 U.S.C. §185(a).

29. Pursuant to the Collections Policy and 29 U.S.C. §1132(g)(2)(B)-(D), the Employer owes the delinquent principal revealed by the audit, interest, and liquidated damages, as well as attorneys' fees and costs.

Prayer for Relief

WHEREFORE, Plaintiffs Pension Fund and Trustees demand judgment against the Defendant for:

(a) $2,207.68 in principal delinquent contributions revealed by the audit for the months of January 1, 2020, through December 31, 2021, pursuant to 29 U.S.C. §1132(g)(2)(A);

(b) Interest on the delinquent amounts set forth in (a) calculated at a rate of one percent per month or portion of a month of the delinquency, pursuant to 29 U.S.C. §1132(g)(2)(B);

(c) Liquidated damages equal to the greater of $441.54 (20% of the principal delinquency), or the amount of interest under (b), pursuant to 29 U.S.C. §1132(g)(2)(C);

(d) Reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2)(D); and

(e) Such other legal and equitable relief to which plaintiffs are entitled.

CLEARY, JOSEM & TRIGIANI LLP

BY: */s/ Jeremy E. Meyer*
WILLIAM T. JOSEM, ESQUIRE
JEREMY E. MEYER, ESQUIRE
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Dated: June 14, 2024